## Philips Brothers Electrical Contractors Inc. v. School District of Philadelphia

*Brian D. Boreman* and *Donald C. Turner,* for plaintiff.

*Miles H. Shore,* for defendants.

SHEPPARD JR., *J.,* April 9, 2008—Defendants' preliminary objections require the court to determine whether plaintiff may maintain claims of breach of the covenant of good faith and fair dealing, and of violations of both substantive and procedural due process rights under 42 U.S.C. §1983.

The court holds that plaintiff may not maintain any of these claims, and dismisses Counts II, III and IV.

## BACKGROUND

Philips Brothers Electrical Contractors Inc. is a Pennsylvania corporation based in West Chester, Pennsylvania.[1] Defendant, the School District of Philadelphia is an entity constituted under the laws of the Commonwealth of Pennsylvania.[2] Defendant, the School Reform Commission is "responsible for the operation, management and educational program of the [S]chool [D]istrict."[3] The Commission took over the operation, management and educational program of the Philadelphia School District after the school district was declared "in distress."[4]

In 2005, defendants invited bids for the construction of the New Audenried High School, located at 3301

---

1. http://www.corporations.state.pa.us/corp/soskb/Corp.asp?265399.

2. 24 P.S. §2-201.

3. 24 P.S. §6-696(e)(1).

4. 24 P.S. §6-696. Declaration of distressed school district status, exhibit A to defendants' motion to determine preliminary objections.

Tasker Street, Philadelphia, Pennsylvania.[5] Philips submitted the winning bid and was awarded the electrical contract, no. B-833C, of 2004-2005.[6] The contract, styled as a contract "for convenience," enabled the school district to terminate the relationship "upon 10 calendar days' written notice to [Philips], for the convenience of the school district."[7] The contract was signed by the chairman of the Commission on behalf of the school district.[8]

The complaint alleges that after Philips won the bid, defendants required Philips to use union workers for work under the contract.[9] The contract allegedly contained no provision requiring the use of union workers, and Philips refused to comply with defendants' out-of-contract request.[10] On July 25, 2006, the school board informed Philips that it was exercising its right to terminate the electrical contract for its convenience.[11] Philips then instituted this action on July 24, 2005.

The complaint asserts breach of contract, breach of the covenant of good faith and fair dealing, violations of plaintiff's substantive and procedural due process rights, and promissory estoppel. Defendants' preliminary objec-

---

5. Complaint, exhibit A.

6. Notice of classification and pre-qualification and school district/contractor agreement. Complaint, exhibits B and C.

7. School district/contractor agreement, general conditions of the contract for construction, ¶14.2.

8. School district/contractor agreement, exhibit C to defendants' motion to determine preliminary objections.

9. Complaint, ¶17.

10. Complaint, ¶¶18-20.

11. Termination for convenience of awarded construction contract work, exhibit F to plaintiff's response to defendants' motion to determine preliminary objections.

tions seek to dismiss the claims of breach of the implied covenant of good faith and fair dealing, violations of plaintiff's substantive and procedural due process rights, and promissory estoppel, on grounds that such claims are legally insufficient. The objections also ask the court to dismiss the claims for lost damages asserted in the breach-of-contract count, and to dismiss the complaint in its entirety as against the Commission.

## DISCUSSION

"[A] demurrer tests the legal sufficiency of the complaint. A trial court may sustain a demurrer, and thereby dismiss a claim, only when the law is clear that a plaintiff is not entitled to recovery based on the facts alleged in the complaint. In determining the merits of a demurrer, all well-pleaded, material facts set forth in the complaint and all inferences fairly deducible from those facts are considered admitted and are accepted by the trial court as true." [12] "Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." [13]

### I. *Count II Asserting Breach of the Covenant of Good Faith and Fair Dealing Is Dismissed*

In Pennsylvania, "[w]here a duty of good faith arises, it arises under the law of contracts, not under the law of

---

12. *Insurance Adjustment Bureau Inc. v. Allstate Insurance Company*, 588 Pa. 470, 480, 905 A.2d 462, 468 (2006). (citations omitted)

13. *R.W. v. Manzek*, 585 Pa. 335, 351-52, 888 A.2d 740, 749 (2005).

torts."[14] "[A] breach of the covenant of good faith is nothing more than a breach of contract claim and . . . separate causes of action cannot be maintained for each, even in the alternative."[15]

The complaint alleges that "defendants breached their obligations to engage in a good faith effort and/or fail [sic] dealing under the contract," and that plaintiff "suffered damages" "[a]s a direct and proximate result of defendants' unlawful termination of the contract."[16] This claim arises from the contractual relationship and is nothing more than a breach of contract claim. It may not be maintained separately. Count II is dismissed.

## II. Counts III and IV Asserting Violations of Plaintiff's Substantive and Procedural Due Process Rights, Under 42 U.S.C. §1983, Are Dismissed

Defendants move to dismiss the claims asserting violations of plaintiff's substantive and procedural due process rights because in a "for convenience," contract, these constitutional rights are protected by 42 U.S.C. §1983.

"When a plaintiff asserts a claim under 42 U.S.C. §1983, the court must determine whether plaintiff's asserted interests fall within the protected rights of life, liberty and property of the Fourteenth Amendment.[17] Not all government contracts create a property interest pro-

---

14. *Heritage Surveyors & Engineers Inc. v. National Penn Bank,* 801 A.2d 1248, 1253 (Pa. Super. 2002).

15. *JHE Inc. v. SEPTA,* 2002 Phila. C.C.P. Lexis 78 (Phila. C.C.P. Lexis 2002).

16. Complaint, ¶¶36-38.

17. *Alvin v. Suzuki,* 227 F.3d 107, 116 (3d Cir. 2000).

tected under the due process clause of the Fourteenth Amendment.[18] There are two types of government contracts that create a property interest under the Fourteenth Amendment. The first type arises when the contract confers a protected status "characterized by a quality of either extreme dependence in the case of welfare benefits, or permanence in the case of tenure, or sometimes both, as frequently occurs in the case of Social Security benefits. The second . . . type of property interest arises where the contract . . . includes a provision that the state entity can terminate the contract only for cause." [19]

The electrical contract between Philips and defendants states that

"[t]he school district may . . . *terminate* the whole or any portion of the work *for the convenience* of the school district. *Such termination for convenience* shall be, at the school district's sole discretion, and without penalty, cost, or liability to the school district. The contractor shall be entitled to payment from the school district for any work satisfactorily performed in accordance with the provisions of the contract prior to the effective date of termination.[20]

"The work . . . includes all labor, materials, consumables, small tools, and equipment, and contractual requirements . . . necessary to produce such construction,

---

18. *Unger v. National Residents Matching Program,* 928 F.2d 1392, 1398 (3d Cir. 1991).

19. *Unger v. National Residents Matching Program,* 928 F.2d at 1399 (3d Cir. 1991).

20. General conditions of the contract between the School District of Philadelphia and Philips Brothers Electrical Contractors, §§14.2.1, 14.2.2. (emphasis supplied)

and all materials incorporated or to be incorporated in such construction."[21]

This complaint alleges that "defendants were acting under color of state law when they deprived plaintiff of its property rights by unlawfully terminating the contract."[22] But, here the contract is *not* terminated for cause. Rather, the contract was terminated "for convenience," which does not constitute violations of plaintiff's constitutionally protected property rights. Counts III and IV of the complaint are dismissed.

Otherwise, the objections are overruled.

The court will enter a contemporaneous order consistent with this opinion.

## ORDER

And now, April 9, 2008, upon consideration of the preliminary objections filed by defendants, the School District of Philadelphia and the School Reform Commission, the response of plaintiff, Philips Brothers Electrical Contractors Inc., in opposition, the respective memoranda of law, all matters of record, and in accord with the contemporaneous opinion, it is hereby ordered that said preliminary objections are sustained in part and overruled in part. Counts II, III and IV of the complaint are dismissed.

---

21. General conditions of the contract between the School District of Philadelphia and Philips Brothers Electrical Contractors, §1.13.

22. Complaint, ¶¶40, 49.